UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



15 CV 03081

```
-------------------------------X
HARLEM BREWING COMPANY, LLC,      :
                                  :
                Plaintiff,        :
                                  :
        v.                        :
                                  :  Civil Action No. _____
JULIAN RILEY, JR.; HARLEM BREW    :
HOUSE, LLC; BUTTERNUTS BEER AND   :
ALE, LLC; UNION BEER              :
DISTRIBUTORS LLC; and SOHA 116    :
RESTAURANT CORP. d/b/a HARLEM     :
TAVERN                            :
                                  :
                Defendants.       :
-------------------------------X
```

JURY TRIAL DEMANDED

RECEIVED
APR 21 2015
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff, Harlem Brewing Company, LLC, by its attorney, for its Complaint against Defendants Julian Riley, Jr.; Harlem Brew House, LLC; Butternuts Beer and Ale, LLC; Union Beer Distributors LLC; and SoHa 116 Restaurant Corp. d/b/a Harlem Tavern, (collectively referred to as "Defendants") alleges as follows:

### THE PARTIES

1. Harlem Brewing Company, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff has its principal place of business at 2 West 123rd Street, New York, New York 10027.

2. Defendant Julian Riley, Jr. ("Riley") is an individual. On information and belief, Defendant Riley resides in New York,

New York, within this Judicial District.

3.  On information and belief, Defendant Harlem Brew House, LLC ("HBH") is a limited liability company organized and existing under the laws of the State of New York. On information and belief, Defendant HBH has an address at 51 MacDougal Street, Suite 282, New York, New York 10012, within this Judicial District.

4.  On information and belief, Defendant Butternuts Beer and Ale, LLC ("Brewer") is a limited liability company organized and existing under the laws of the State of New York. On information and belief, Defendant Brewer has an address at 4020 State Highway 51, Garrattsville, New York 13342.

5.  On information and belief, Defendant Union Beer Distributors LLC ("Distributor") is a limited liability company organized and existing under the laws of the State of New York. On information and belief, Defendant Distributor has an address at 1213 Grand Street, Brooklyn, New York 11211.

6.  On information and belief, Defendant SoHa 116 Restaurant Corp. ("Tavern") is a corporation organized and existing under the laws of the State of New York. On information and belief, Defendant Tavern does business as "Harlem Tavern." On information and belief, Defendant Tavern has an address at 2153 Frederick Douglass Boulevard, New York, New York 10026, within this Judicial District.

<u>NATURE OF CLAIMS, JURISDICTION AND VENUE</u>

7. This action arises under the trademark and unfair competition laws of the United States (15 U.S.C. Sections 1114(1) and 1125(a)), under the likelihood of injury to business reputation and of dilution of the distinctive quality of a trademark laws of the State of New York (Section 360-*l* of the New York General Business Law), and under the common law of the State of New York.

8. Jurisdiction of this Court is founded upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (a) and (b), and the pendent jurisdiction of this Court, 28 U.S.C. § 1367.

9. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c).

<u>ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF</u>

10. On or before November 29, 2000, Plaintiff adopted the trademark HARLEM BREWING COMPANY in connection with beer, and still uses the trademark HARLEM BREWING COMPANY in commerce today.

11. Since Plaintiff adopted the HARLEM BREWING COMPANY trademark, Plaintiff has enjoyed an outstanding reputation for beer. For example, as early as May 22, 2002, the *New York Times* described Plaintiff's beer as "A Beer That Takes The 'A' Train," namely a beer that "is coppery colored and fairly full-bodied but refreshing, with a nice hint of bitter orange in its finish."

12. Plaintiff's beer is well known throughout the United States by the purchasing public. For example, a distributor as far afield as South Carolina carries Plaintiff's beer.

13. Plaintiff is the owner of the HARLEM BREWING COMPANY trademark, which the United States Patent and Trademark Office has registered in connection with "Beer; Craft beer; Non-alcoholic malt beverage; Brewed malt-based alcoholic beverage in the nature of a beer" (capitalization in original) on the Principal Register as U.S. Trademark Registration No. 4,453,262 on December 24, 2013. Attached hereto is a copy of the Certificate of Registration as Exhibit A. The registration of the HARLEM BREWING COMPANY registration is valid and subsisting.

14. Plaintiff displays the following trademark on flyers associated with Plaintiff's beer, and on Plaintiff's Internet site:



15. The Internet domain name "harlembrew.us" has been registered on behalf of Plaintiff, and traffic to this domain

name is directed to Plaintiff's Internet site having a uniform resource locator http://www.harlembrewingcompany.com.

16. Plaintiff has used the e-mail address harlembrew@aol.com since at least 2001.

17. Plaintiff joined the online social networking and microblogging service Twitter® on or about August 2008, adopting the username "harlembrew." The general public quickly came to associate the username "harlembrew" with Plaintiff.

18. Because of Plaintiff's use of the trademark displayed at paragraph 14, Plaintiff's ownership of the Internet domain name "harlembrew.us," use of the e-mail addresses harlembrew@aol.com, and adoption of the Twitter® username "harlembrew," Plaintiff has common-law rights under the laws of the State of New York in the unregistered trademark HARLEM BREW.

19. On information and belief, the unregistered trademark HARLEM BREW identifies goods of a particular source, namely, Plaintiff.

20. On information and belief, Defendant Riley is a former attorney who surrendered his license to practice law in lieu of disbarment for embezzling client funds. On information and belief, Defendant Riley is a member, a manager, a director, an officer, an employee, and/or an independent contractor of Defendant HBH.

21.  On information and belief, Defendant Riley has exercised complete domination and control over Defendant HBH and abused the privilege of doing business in Defendant HBH's limited liability company form to perpetrate a wrong or injustice.  On information and belief, the wrongs and injustices are complained about herein.  With respect to Defendant HBH, Defendant Riley has, on information and belief, failed to adhere to the formalities of a limited liability company organized and existing under the laws of the State of New York, inadequately capitalized Defendant HBH, commingled personal assets with Defendant HBH's assets, and/or appropriated Defendant HBH's funds for personal use.

22.  On information and belief, Defendant Riley, Defendant HBH, or both are advertising, promoting, distributing, offering for sale, and/or selling beer under the "Harlem Blue Premium Beer" trademark without Plaintiff's authorization or consent.

23.  On information and belief, Defendant Brewer is advertising, promoting, distributing, offering for sale, and/or selling beer under the "Harlem Blue Premium Beer" trademark to Defendant Distributor without Plaintiff's authorization or consent.

24.  On information and belief, Defendant Distributor is advertising, promoting, distributing, offering for sale, and/or

selling beer under the "Harlem Blue Premium Beer" trademark to Defendant Tavern without Plaintiff's authorization or consent.

25. On information and belief, Defendant Tavern is advertising, promoting, distributing, offering for sale, and/or selling beer under the "Harlem Blue Premium Beer" trademark to the general public without Plaintiff's authorization or consent.

26. On information and belief, each Defendant is aware of the registration of the HARLEM BREWING COMPANY trademark. And, on information and belief, at least Defendant Distributor and Defendant Tavern are aware of the HARLEM BREW common-law trademark.

27. On July 3, 2014, Plaintiff's counsel sent Defendant Brewer's representative a cease-and-desist letter enclosing a copy of the registration of the HARLEM BREWING COMPANY trademark. As of the date of submission of this Complaint, Plaintiff received no response from Defendant Brewer.

28. On July 3, 2014, Plaintiff's counsel delivered to Defendant Distributor a cease-and-desist letter enclosing a copy of the registration of the HARLEM BREWING COMPANY trademark, a six-pack of beer that uses the federally registered HARLEM BREWING COMPANY trademark and the HARLEM BREW common-law trademark, and a marketing flyer. As of the date of submission of this Complaint, Plaintiff received no response from Defendant Distributor.

29. On July 3, 2014, Plaintiff's counsel delivered to Defendant Tavern's representative a cease-and-desist letter enclosing a copy of the registration of the HARLEM BREWING COMPANY trademark, a six-pack of beer that uses the federally registered HARLEM BREWING COMPANY trademark and the HARLEM BREW common-law trademark, and a marketing flyer. As of the date of submission of this Complaint, Plaintiff received no response from Defendant Tavern. On information and belief, Defendant Tavern recently hosted a birthday party for the beer under the "Harlem Blue Premium Beer" trademark. On information and belief, Defendant Riley attended the party.

30. On April 22, 2014, Plaintiff's counsel sent Riley a cease-and-desist letter enclosing a copy of the registration of the HARLEM BREWING COMPANY trademark to an address, on information and belief, for Defendant Riley. On or about May 12, 2014, Plaintiff, on information and belief, learned that Defendant Riley had another address. So, on May 14, 2014, Plaintiff's counsel sent Defendant Riley a cease-and-desist letter enclosing a copy of the registration of the HARLEM BREWING COMPANY trademark to that address. As of the date of submission of this Complaint, Plaintiff received no response from Defendant Riley.

31. On or about July 11, 2014, Plaintiff received a letter dated July 11, 2014, from, on information and belief, counsel

for Defendant HBH.  On information and belief, in the July 11, 2014, letter, Defendant HBH's counsel alleged that Plaintiff had tortiously interfered with Defendant HBH's business and demanded that Plaintiff cease the alleged interference.

32.  On July 18, 2014, Plaintiff's counsel responded to the allegations raised in the July 11, 2014, letter.  The July 18, 2014, letter enclosed a copy of the registration of the HARLEM BREWING COMPANY trademark.  The July 18, 2014, letter alleged, *inter alia*, that Plaintiff had not tortiously interfered with Defendant HBH's business under the law of the State of New York and, on information and belief, refused to cease the alleged interference.  As of the date of submission of this Complaint, Plaintiff received no response from Defendant HBH.

33.  On or about February 4, 2015, Defendant HBH submitted a Petition for Cancellation of U.S. Trademark Registration No. 4,453,262 (Trademark Trial and Appeal Board Proceeding No. 92060813).

34.  On information and belief, Defendant Riley, Defendant HBH, or both have been and continue to be involved in the unauthorized advertising, promotion, distribution, offer to sell, and/or sale of beer under the "Harlem Blue Premium Beer" trademark despite having, on information and belief, full knowledge of Plaintiff's ownership and exclusive rights in the HARLEM BREWING COMPANY trademark.

35. On information and belief, Defendant Brewer has been and continues to be involved in the unauthorized advertising, promotion, distribution, offer to sell, and/or sale of beer under the "Harlem Blue Premium Beer" trademark despite having, on information and belief, full knowledge of Plaintiff's ownership and exclusive rights in the HARLEM BREWING COMPANY trademark.

36. On information and belief, Defendant Distributor has been and continues to be involved in the unauthorized advertising, promotion, distribution, offer to sell, and/or sale of beer under the "Harlem Blue Premium Beer" trademark despite having, on information and belief, full knowledge of Plaintiff's ownership and exclusive rights in the HARLEM BREWING COMPANY trademark. On information and belief, Defendant Tavern also has full knowledge of Plaintiff's rights in the HARLEM BREW common-law trademark because the HARLEM BREW common-law trademark was on the six-pack of beer delivered to Defendant Distributor.

37. On information and belief, Defendant Tavern has been and continues to be involved in the unauthorized advertising, promotion, distribution, offer to sell, and/or sale of beer under the "Harlem Blue Premium Beer" trademark despite having, on information and belief, full knowledge of Plaintiff's ownership and exclusive rights in the HARLEM BREWING COMPANY

trademark. On information and belief, Defendant Tavern also has full knowledge of Plaintiff's rights in the HARLEM BREW common-law trademark because the HARLEM BREW common-law trademark was on the six-pack of beer delivered to Defendant Tavern.

38. Plaintiff's goods and Defendant's goods - beer - are identical, and offered in the same general channels of trade to similar classes of consumers. Therefore, consumers are likely to pay for Defendants' unauthorized goods mistakenly believing that they emanate from or are sponsored by Plaintiff.

39. Upon information and belief, the advertising, promotion, distribution, offer for sale, and/or sale of beer by Defendants under under the "Harlem Blue Premium Beer" trademark or colorable imitations of the federally registered HARLEM BREWING COMPANY trademark or HARLEM BREW common-law trademark already has caused and is likely to cause confusion, mistake, or deception of purchasers as to the source or origin of Defendants' unauthorized goods.

40. Upon information and belief, consumers are actually confused as to the emanation or sponsorship of Defendants' unauthorized goods, believing that they emanate from or are sponsored by Plaintiff.

41. Upon information and belief, Defendants' unauthorized goods are of such poor quality in comparison to Plaintiff's

goods as to cause dilution of the distinctive quality of the HARLEM BREWING COMPANY federally registered trademark or HARLEM BREW common-law trademark.

42. On information and belief, because future customers are likely to purchase Defendants' unauthorized goods believing Defendants' unauthorized goods are genuine, Plaintiff has suffered and will continue to suffer a loss in new and repeat customers as well as a loss in goodwill, to Plaintiff's substantial detriment.

43. Plaintiff has no control over the quality of the goods advertised, promoted, distributed, offered for sale, and/or sold by Defendants. By advertising, promoting, distributing, offering for sale, and/or selling unauthorized goods, Defendants are attempting to subvert the right of Plaintiff to control the quality of goods associated with the HARLEM BREWING COMPANY federally registered trademark and/or the HARLEM BREW common-law trademark. The confusion as to source engendered by Defendants leaves Plaintiff's valuable goodwill in the HARLEM BREWING COMPANY federally registered trademark and the HARLEM BREW common-law trademark at the mercy of Defendants.

44. Through their actions, Defendants have and continue to unfairly trade upon and appropriate to themselves Plaintiff's reputation and the success of Plaintiff's business.

45. Continued advertising, promoting, distributing, offering for sale, and/or selling of the unauthorized goods by Defendants has injured and will continue to injure the business reputation of Plaintiff, to its substantial detriment.

46. On information and belief, the infringement by Defendants has been willful and deliberate, with full knowledge of Plaintiff's rights, and designed specifically to trade upon the substantial goodwill associated with the HARLEM BREWING COMPANY federally registered trademark in the United States, and to capitalize on Plaintiff's initiative.

47. On information and belief, the infringement by Defendants has been willful and deliberate, with full knowledge of Plaintiff's rights, and designed specifically to trade upon the substantial goodwill associated with the HARLEM BREW common-law trademark in the State of New York, and to capitalize on Plaintiff's initiative.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF FOR INFRINGEMENT</u>

<u>OF FEDERALLY REGISTERED TRADEMARK</u>

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 above, as though fully set forth herein.

49. This cause of action, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), is for infringement of a

trademark registered by Plaintiff in the United States Patent and Trademark Office.

50. Defendants' advertising, promoting, distributing, offering for sale, and/or selling of beer under the "Harlem Blue Premium Beer" trademark or colorable variations of the federally registered HARLEM BREWING COMPANY trademark (U.S. Trademark Registration No. 4,453,262) is likely to cause confusion, mistake, or deception in that actual and potential customers are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or emanate from Plaintiff, and Defendants' acts constitute trademark infringement.

51. Defendants' complained-of acts are willful and have damaged Plaintiff, and unless enjoined by this Court will continue to damage Plaintiff, including causing irreparable injury to Plaintiff's reputation and goodwill. Plaintiff has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF FOR VIOLATION OF § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

52. Plaintiff repeats and realleges the allegations in paragraphs 1 through 51 above, as though fully set forth herein.

53. Defendants' advertising, promoting, distributing, offering for sale, and/or selling of beer under the "Harlem Blue Premium Beer" trademark or colorable variations of the federally

registered HARLEM BREWING COMPANY trademark (U.S. Trademark Registration No. 4,453,262) constitutes a false designation of origin that is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendants' advertising, promoting, distributing, offering for sale, and/or selling of beer under the "Harlem Blue Premium Beer" trademark or colorable variations of the federally registered HARLEM BREWING COMPANY trademark (U.S. Trademark Registration No. 4,453,262) constitutes a false representation that is likely to cause confusion, mistake, and/or deceive the consuming public as to the affiliation and/or connection of Defendants' goods as originating from or being sponsored by Plaintiff when, in fact, they are not.

55. Defendants' complained-of acts are willful and have damaged Plaintiff, and unless enjoined by this Court will continue to damage Plaintiff, including causing irreparable injury to Plaintiff's reputation and goodwill. Plaintiff has no adequate remedy at law.

56. Plaintiff repeats and realleges the allegations in paragraphs 1 through 55 above, as though fully set forth herein.

57. Defendants' advertising, promoting, distributing, offering for sale, and/or selling of beer under the "Harlem Blue Premium Beer" trademark or colorable variations of the HARLEM BREW common-law trademark constitutes a false designation of origin that is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Defendants' advertising, promoting, distributing, offering for sale, and/or selling of beer under the "Harlem Blue Premium Beer" trademark or colorable variations of the HARLEM BREW common-law trademark constitutes a false representation that is likely to cause confusion, mistake, and/or deceive the consuming public as to the affiliation and/or connection of Defendants' goods as originating from or being sponsored by Plaintiff when, in fact, they are not.

59. Defendants' complained-of acts are willful and have damaged Plaintiff, and unless enjoined by this Court will continue to damage Plaintiff, including causing irreparable

injury to Plaintiff's reputation and goodwill.  Plaintiff has no adequate remedy at law.

AS AND FOR A FOURTH CLAIM FOR RELIEF

FOR INJURY TO BUSINESS REPUTATION

60.  Plaintiff repeats and realleges the allegations in paragraphs 1 through 59 above, as though fully set forth herein.

61.  This cause of action arises under Section 360-*l* of the General Business Law of the State of New York.

62.  Defendants' acts are likely to injure the business reputation of Plaintiff as customers who are dissatisfied with the quality of Defendants' unauthorized goods will attribute their dissatisfaction to Plaintiff.

63.  Defendants will continue to impair Plaintiff's rights unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

AS AND FOR A FIFTH CLAIM FOR RELIEF FOR DILUTION

OF THE DISTINCTIVE QUALITY OF A TRADEMARK

64.  Plaintiff repeats and realleges the allegations in paragraphs 1 through 63 above, as though fully set forth herein.

65.  This cause of action arises under Section 360-*l* of the General Business Law of the State of New York.

66.  Defendant's goods are so poor in quality that they are likely to dilute the distinctive quality of the federally registered HARLEM BREWING COMPANY trademark (U.S. Trademark

- 17 -

Registration No. 4,453,262) and/or dilute the distinctive quality of the HARLEM BREW common-law trademark.

67. Defendants' products will continue to impair Plaintiff's rights unless enjoined by this Court. Plaintiff has no adequate remedy at law.

<u>AS AND FOR A SIXTH CLAIM FOR RELIEF FOR</u>

<u>COMMON-LAW TRADEMARK INFRINGEMENT</u>

68. Plaintiff repeats and realleges the allegations in paragraphs 1 through 67 above, as though fully set forth herein.

69. This cause of action arises under New York common law.

70. Defendants' advertising, promoting, distributing, offering for sale, and/or selling of beer under the "Harlem Blue Premium Beer" trademark, colorable variations of the federally registered HARLEM BREWING COMPANY trademark (U.S. Trademark Registration No. 4,453,262), and/or colorable variations of the HARLEM BREW common-law trademark is likely to deceive or to confuse the trade and/or the general public as to the source or origin of Defendants' goods and as to the existence of a relationship between Plaintiff and Defendants.

71. Defendants, by their acts, have infringed Plaintiff's common-law rights in the federally registered HARLEM BREWING COMPANY trademark (U.S. Trademark Registration No. 4,453,262) and/or the HARLEM BREW common-law trademark, in violation of the common law of the State of New York.

72. Plaintiff has been and is being damaged by such acts, and damage will continue unless Defendants' acts are enjoined by this Court. Plaintiff has no adequate remedy at law.

<u>AS AND FOR AN SEVENTH CLAIM FOR RELIEF</u>

<u>FOR COMMON-LAW UNFAIR COMPETITION</u>

73. Plaintiff repeats and realleges the allegations in paragraphs 1 through 72 above, as though fully set forth herein.

74. This cause of action arises under New York common law.

75. Defendants are advertising, promoting, distributing, offering for sale, and/or selling beer under the "Harlem Blue Premium Beer" trademark, colorable variations of the federally registered HARLEM BREWING COMPANY trademark (U.S. Trademark Registration No. 4,453,262), and/or colorable variations of the HARLEM BREW common-law trademark in a manner such as to pass off their services as those of Plaintiff and to capitalize on the initiative and goodwill of Plaintiff.

76. By the acts alleged above, Defendants have impaired Plaintiff's goodwill and have otherwise adversely affected Plaintiff's business by the use of unfair and improper business practices, in violation of the common law of unfair competition of the State of New York.

77. Plaintiff has been and is being damaged by such unfair competition and damage will continue unless Defendants' acts are enjoined by this Court. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff Harlem Brewing Company, LLC demands judgment:

(a) Preliminarily and permanently enjoining Defendants, their agents, servants, employees, and attorneys, and all those acting in concert or participation with them:

(1) from using the "Harlem Blue Premium Beer" trademark, colorable variations of the federally registered HARLEM BREWING COMPANY trademark, colorable variations of the HARLEM BREW common-law trademark, and/or any confusingly similar mark;

(2) from advertising, promoting, distributing, offering for sale, and/or selling goods under the "Harlem Blue Premium Beer" trademark, colorable variations of the federally registered HARLEM BREWING COMPANY trademark, colorable variations of the HARLEM BREW common-law trademark, and/or any confusingly similar mark;

(3) from advertising, promoting, distributing, offering for sale, and/or selling goods under the "Harlem Blue Premium Beer" trademark, colorable variations of the federally registered HARLEM BREWING COMPANY trademark, and/or colorable variations of the HARLEM BREW common-law trademark that dilute the distinctive quality of the federally registered HARLEM BREWING COMPANY trademark and/or the HARLEM BREW common-law trademark;

(4) from representing that Defendants' goods are affiliated with, related to, or sponsored by Plaintiff or suggesting any connection with Plaintiff;

(5) from using any signage, advertising, promotional material, packaging, or the like that contains an express or implied claim that Defendants' goods are affiliated with or sponsored by Plaintiff; and

(6) from committing any acts which are likely to injure Plaintiff's business reputation.

(b) Ordering Defendants to pay their profits to Plaintiff and any damages sustained by Plaintiff as a result of Defendants' acts, pursuant to 15 U.S.C. § 1117(a), or any other damages recoverable under any other statute alleged in this Complaint;

(c) Ordering Defendants to pay to Plaintiff three times the amount of Plaintiff's actual damages due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117(b);

(d) Ordering that all products, signs, containers, menus, or the like bearing the "Harlem Blue Premium Beer" trademark, colorable variations of the federally registered HARLEM BREWING COMPANY trademark, and/or colorable variations of the HARLEM BREW common law trademark, and all advertising therefor, within the possession, custody, or control of Defendants, be delivered to Plaintiff for destruction, pursuant to 15 U.S.C. § 1118;

(e) Awarding Plaintiff its attorneys' fees and costs against Defendants because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a);

(f) Order the Trademark Trial and Appeal Board to stay proceedings in Trademark Trial and Appeal Board Proceeding No. 92060813 pending resolution of this suit;

(g) Granting such other and further relief as this Court deems just and proper.


MAJOR IP LAW PLLC

Dated:    April 21, 2015
Brooklyn, New York

James R. Major
(pro hac vice to be submitted)
147 Prince Street
Brooklyn, New York  11201
(804) 317-1028

Attorneys for Plaintiff
HARLEM BREWING COMPANY, LLC

# Exhibit A

# United States of America

## United States Patent and Trademark Office

# HARLEM BREWING COMPANY

**Reg. No. 4,453,262**

**Registered Dec. 24, 2013**

**Int. Cl.: 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HARLEM BREWING COMPANY (DELAWARE LIMITED LIABILITY COMPANY)
2 WEST 123RD STREET
NEW YORK, NY 10027

FOR: BEER; CRAFT BEER; NON-ALCOHOLIC MALT BEVERAGE; BREWED MALT-BASED ALCOHOLIC BEVERAGE IN THE NATURE OF A BEER, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 11-29-2000; IN COMMERCE 6-19-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BREWING COMPANY", APART
FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-696,747, FILED 8-7-2012.

HOWARD SMIGA, EXAMINING ATTORNEY



*Deborah S. Cohn*

Commissioner for Trademarks of the
United States Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.